UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT SCHUTZA<br><br>Plaintiffs,<br><br>v.<br><br>8203 WINTER GARDENS LLC, a California Limited Liability Company, et al.,<br><br>Defendants. | Case No.:  3:20-cv-00575-AJB-WVG<br><br>**ORDER:**<br><br>**(1) DISMISSING THIS ACTION**<br><br>**(2) DENYING THE MOTION TO DISMISS AS MOOT**<br><br>**(Doc. No. 5)** |

On October 30, 2020, the Court issued Plaintiff an Order to Show Cause ("OSC") why Defendants' motion to dismiss should not be granted and why this action should not be dismissed for failure to prosecute. Plaintiff did not file a response to the OSC. For the reasons set forth, the Court dismisses this action for failure to prosecute and denies Defendants' motion to dismiss as moot.

**I.   LEGAL STANDARD**

Federal Rule of Civil Procedure 41(b) grants district courts the authority to dismiss actions *sua sponte* for failure to prosecute or to comply with court orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). Dismissal, however, is a harsh penalty

and is to be imposed only in extreme circumstances. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (citing *Raiford v. Pounds*, 640 F.2d 944, 945 (9th Cir. 1981) (per curiam)). In considering whether to dismiss an action for failure to prosecute or to comply with a court order, the Court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

## II. DISCUSSION

Here, as to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir.1999). Regarding the second factor, the Court must be able to manage its docket "without being subject to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642; *see also Ferdik*, 963 F.2d at 1261 (noting that noncompliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket"). This is especially true where, as here, Plaintiff has made no attempt to respond to Defendants' motion to dismiss or the Court's subsequent OSC. This case cannot proceed without Plaintiff's participation. The second factor therefore weighs in favor of dismissal. The third factor also favors dismissal because Plaintiff's failure to take action on this case has resulted in unreasonable delay, which is presumed to be prejudicial to Defendants. *See In re Eisen*, 31 F.3d 1447, 1453 (9th Cir. 1994).

As to the fourth factor, the Court has considered less drastic alternatives by providing Plaintiff additional notice of Defendant's motion to dismiss, additional time to respond to the motion to dismiss, an opportunity to explain his failure to respond to the motion to dismiss, and an opportunity to explain why the Court should not dismiss his case for failure to prosecute. (Doc. No. 8.) Plaintiff took no action in response to such notice and

opportunity. This weighs strongly in favor of dismissal. *See Ferdik*, 963 F.2d at 1262. Although the fifth factor, the public policy favoring disposition of cases on their merits, weighs against dismissal, the cumulative weight of the other factors overcomes it. *See Pagtalunan*, 291 F.3d at 643 (finding that the district court did not abuse its discretion in dismissing case where three of the five factors weighed in favor of dismissal). Based on the foregoing, the Court finds that the balance of factors in this case weigh in favor of dismissal.

### III.  CONCLUSION

Accordingly, this action is **DISMISSED**, with prejudice, for Plaintiff's failure to prosecute, and Defendants' motion to dismiss is **DENIED** as moot. The Clerk of Court is **DIRECTED** to enter judgment and close this case.

**IT IS SO ORDERED**.

Dated: November 17, 2020

Hon. Anthony J. Battaglia
United States District Judge